UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PATRICK JOLIVETTE,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>JOSIE GASTELO, Warden,<br><br>　　　　　　Respondent. | No. 2:20-cv-1670-JAM-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court has reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Proceedings and finds that the petition is second or successive and must therefore be dismissed.

　　　　A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. 147.

      In the present action, petitioner challenges the sentence he is serving pursuant to a conviction in case number FCR211674, entered against him in the California Superior Court, County of Solano, in April of 2005. ECF No. 1 at 1. Court records reflect that petitioner previously challenged this judgment of conviction in this court. *See Jolivette v. California*, No. 2:08-cv-0189-GHK (E.D. Cal.). On May 15, 2009, the court denied the petition on the merits. *See id.*, ECF No. 13. Since petitioner challenges the same judgment now that he previously challenged and which was adjudicated on the merits, the petition now pending is second or successive. Petitioner fails to show that the appellate court has authorized this court to consider a second or successive petition. Therefore, this action must be dismissed for lack of jurisdiction. *See Burton*, 549 U.S. 147; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

      Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of jurisdiction.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: September 23, 2020.

                                                  EDMUND F. BRENNAN
                                                  UNITED STATES MAGISTRATE JUDGE